UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**OTIS ROBERT HARRIS,**

   **Plaintiff,**

v.                 Case No:  6:18-cv-268-Orl-41KRS

**EXPERIAN INFORMATION
SOLUTIONS, INC., EQUIFAX
INFORMATION SERVICES LLC,
BANK OF AMERICA CORPORATION,
CAPITAL ONE BANK (USA) N.A.,
TOYOTA MOTOR CREDIT
CORPORATION and SHAFRITZ AND
ASSOCIATES, P.A.,**

   **Defendants.**
_____/

### ORDER

THIS CAUSE is before the Court on Defendant Shafritz and Associates, P.A.'s ("S&A") Motion to Dismiss Plaintiff's First Amended Complaint ("Motion," Doc. 76), and Plaintiff's Response in Opposition (Doc. 87) and Memorandum of Law in Support of His Response in Opposition ("Memo," Doc. 87-1). Plaintiff's Amended Complaint brings three counts against six Defendants[1] alleging various violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.* and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.* For the reasons set forth herein, the Motion will be granted.

---

[1] The seventh Defendant, Chase Bank USA, N.A., has already been dismissed from this action. (Oct. 19, 2018, Order, Doc. 94, at 2).

### I. LEGAL STANDARD

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." In determining whether to dismiss under Rule 12(b)(6), a court accepts the factual allegations in the complaint as true and construes them in a light most favorable to the non-moving party. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009). Nonetheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### II. ANALYSIS

#### 1. *Plaintiff Failed to State a Claim Upon Which Relief Can be Granted*

The Amended Complaint is replete with conclusory allegations insufficient to state a claim of relief that is plausible on its face. Indeed, the Amended Complaint contains almost no factual assertions. Examples of the conclusory allegations include: "Defendants have been reporting derogatory and inaccurate statements and information;" "Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently failed to perform reasonable

investigations;" and "S&A acted in a false, deceptive, misleading and unfair manner" among many others. (Am. Compl., Doc. 70, ¶¶ 15, 22, 28).

### 2. The Amended Complaint is a Shotgun Pleading

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 10(b) requires a party to "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." "The failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Beckwith v. Bellsouth Telecomms. Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005) (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1029–30 (11th Cir. 2001)).

The Eleventh Circuit has defined four types of shotgun pleadings. "The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015). This is precisely the sin committed in Plaintiff's Amended Complaint. The first paragraph in each count of the Amended Complaint states "Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein." (Doc. 70 ¶¶ 35, 41, 45). Count III essentially incorporates the entirety of the Amended Complaint, including Counts I and II. Therefore, Plaintiff's Amended Complaint is due to be dismissed as a shotgun pleading.

Plaintiff requests that this Court deny the Motion but did not ask for leave to amend the Amended Complaint. (*See generally* Memo, Doc. 87-1). "When a litigant files a shotgun pleading, is represented by counsel, and fails to request leave to amend, a district court must *sua sponte* give

him one chance to replead before dismissing his case with prejudice on non-merits shotgun pleading grounds" *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018).

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendant's Motion (Doc. 76) is **GRANTED**.

2. Plaintiff's First Amended Complaint (Doc. 70) is **DISMISSED without prejudice** for failure to state a claim on which relief can be granted and as a shotgun pleading. **On or before December 12, 2018**, Plaintiff may file a second amended complaint. Failure to file an adequate pleading may result in the case being dismissed with prejudice.

**DONE** and **ORDERED** in Orlando, Florida on November 28, 2018.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record